Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CORPORACIÓN PARA LA DEFENSA DEL POSEEDOR DE LICENCIA DE ARMAS DE PUERTO RICO, INC. (CODEPOLA)<br><br>**PETICIONARIA**<br><br>v.<br><br>ACCIÓN SOCIAL Y PROTECCIÓN AMBIENTAL (ASPA, INC.) Y OTROS<br><br>**RECURRIDOS** | KLCE202300291 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: SA2022CV00024 (303)<br><br>Sobre: *Injunction* Preliminar y Permanente<br><br>Caso Núm.: SA2022CV00025 (303)<br><br>Sobre: Difamación y Libelo; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece la Corporación para la Defensa del Poseedor de Licencia de Armas de Puerto Rico, Inc. (Peticionario o CODEPOLA) mediante recurso de *Certiorari* y nos solicita que revoquemos la *Resolución* que emitió el Tribunal de Primera Instancia, Sala Superior de Guayama, el 21 de febrero de 2023.[1] En el referido dictamen, el foro de instancia decretó No Ha Lugar la *Moción Solicitando Desestimación de Reconvención y Solicitud de Paralización de Descubrimiento de Prueba* que presentó CODEPOLA.

Por los fundamentos que exponemos a continuación, denegamos expedir el auto solicitado.

---

[1] La *Resolución* fue notificada y archivada en autos el mismo día 21 de febrero de 2023.

**I.**

El 30 de enero de 2022, CODEPOLA presentó una *Demanda de Interdicto Preliminar* contra la Corporación Acción Social y Protección Ambiental, Inc. (ASPA), su presidente, José Juan Cora Collazo, Rafael Díaz Casiano, su esposa y la Sociedad Legal de Gananciales que ambos componen y otros codemandados.[2] En su escrito, el Peticionario expuso que la empresa y sus miembros han hecho manifestaciones difamatorias en varios medios de comunicación, redes sociales y lugares públicos en contra del proyecto de polígono de tiro que la parte peticionaria se propone construir en Salinas, Puerto Rico. A su vez, arguyó que los portavoces de la Comunidad Rancho Guayama de Salinas también se han unido a la campaña difamatoria que ha sostenido la ASPA en su contra, al manifestar que CODEPOLA no está construyendo un polígono, sino un vertedero de neumáticos que causa contaminación al Acuífero del Sur. El Peticionario sostiene que estas manifestaciones públicas, así como las protestas que se han llevado a cabo le han causado daño a su reputación, además de interrumpir la construcción del polígono de tiro. Ante ello, solicitó al TPI que celebrara una vista, le concediera el interdicto preliminar solicitado o permanente y emitiera una orden de cesar y desistir contra la parte recurrida.

El mismo día, 30 de enero de 2022, CODEPOLA presentó otra *Demanda* sobre Difamación y Libelo, Daños y Perjuicios en contra de ASPA.[3] En su reclamo, CODEPOLA esgrime nuevamente las alegaciones sobre difamación que esbozó contra ASPA en su *Solicitud de Interdicto Preliminar*.

---

[2] Véanse las páginas 11 a la 19 en el Apéndice del Recurso de *Certiorari*. A este caso se le asignó el alfanumérico SA2022CV00024.

[3] *Íd.*, págs. 20-28. A este caso el TPI le asignó el alfanumérico SA2022CV00025.

Mediante Orden emitida el 22 de abril de 2022, el TPI consolidó los casos SA2022CV00024 y SA2022CV00025 y decretó que los procedimientos continuarían bajo el caso de mayor antigüedad, SA2022CV00024.[4]

La parte recurrida presentó su *Contestación a Solicitud de Injuction Preliminar y Permanente,* en la que negó la totalidad de las alegaciones en su contra[5]. Levantó como defensas afirmativas, entre otras, que los actos imputados se encuentran protegidos por el Artículo II, Sección 4 de la Constitución del Estado Libre Asociado de Puerto Rico y la Primera Enmienda de la Constitución de Estados Unidos, que garantizan la libertad de expresión de sus ciudadanos. A su vez, levantaron como defensa que acoger lo pretendido por CODEPOLA en su solicitud de interdicto, constituiría censura previa a las expresiones que los residentes de Ranchos Guayama hicieran sobre el proyecto de polígono de tiro. También, adujeron que las expresiones y manifestaciones de los opositores al proyecto se han llevado a cabo en lugares protegidos que han sido catalogados por la jurisprudencia como foros públicos.

Arguyeron, además, que el mecanismo de *injuction* preliminar o permanente no puede utilizarse para privar a un ciudadano de ejercer su derecho a comparecer ante las agencias del Estado para presentar su oposición a proyectos de construcción sin permiso y en violación a normas ambientales, como tampoco se puede utilizar para suspender un procedimiento judicial.[6]

Los Recurridos también presentaron una *Reconvención,* en la que sostuvieron que la finca en donde se está construyendo el polígono de tiro contiene un gravamen sobre condiciones restrictivas y servidumbres de equidad que impiden que el Peticionario

---

[4] Véase la Entrada Núm. 30 en SUMAC.
[5] Véanse las páginas 29 a la 46 en el Apéndice del Recurso de *Certiorari.*
[6] *Íd.*

construya el proyecto propuesto.[7]  Además, sostuvieron que éstas no pueden ser modificadas por ningún foro administrativo, por lo que procede que el TPI ordene la paralización total del proyecto y desestime el proceso de permiso, si alguno, que CODEPOLA, el señor Ariel Torres Meléndez y el señor Roberto Ramos Colón estén gestionando.

Por otro lado, afirmaron que el Peticionario pretende modificar la zonificación de las fincas protegidas según el Plan de Ordenamiento Territorial de Salinas, pero que hasta el momento CODEPOLA no ha iniciado el proceso de consulta de ubicación que se requiere a esos fines.

Finalmente, los recurridos solicitaron al TPI que emitiera un Interdicto Permanente ordenando la paralización del proyecto en controversia y que, a su vez, se prohibiera cualquier tipo de construcción que violente las condiciones restrictivas y servidumbres de equidad que posee la finca en pugna.  Asimismo, solicitaron que se desestime la petición de CODEPOLA contra los Recurridos por su improcedencia.[8]

Después de innumerables trámites procesales, CODEPOLA presentó una *Moción Solicitando Desestimación de Reconvención y Solicitud de Paralización de Descubrimiento de Prueba* el 11 de enero de 2023.[9] En su escrito, solicitó la desestimación de la *Reconvención* que presentó ASPA por falta de jurisdicción al no agotarse los remedios administrativos ante el Departamento de Recursos Naturales y Ambientales (DRNA), falta de parte indispensable y prescripción de la causa de acción.  Sobre la procedencia de la desestimación al amparo de la doctrina de agotamiento de remedios administrativos, CODEPOLA argumentó que en el DRNA se inició

---

[7] *Íd.*
[8] *Íd.*
[9] *Íd.*, págs. 3-10.

un procedimiento administrativo sobre la controversia de autos que debía ser agotado. Por otro lado, sostuvo que la parte recurrida, en su *Solicitud de Intervención* ante el DRNA reconoció que el promovente del polígono no es CODEPOLA, por lo que su alegación contra CODEPOLA debe ser desestimada por ausencia de parte indispensable. Ante ello, argumentó que estaría prescrita cualquier acción que ASPA se propusiera presentar para traer al pleito a otras personas o entidades en esta etapa del proceso.

La parte recurrida se opuso a lo solicitado por CODEPOLA mediante *Oposición a Segunda Solicitud de Desestimación de Reconvención Presentada por el Demandante Reconvenido.*[10]

Después de evaluar las posiciones de las partes, el 21 de febrero de 2023, el TPI emitió una *Resolución,* en la que decretó no ha lugar la alegación de desestimación al amparo de la doctrina de agotamiento de remedios administrativos.[11] Sobre la alegación de partes indispensables, determinó que el señor Roberto Ramos Colón y Ariel Torres Meléndez son partes indispensables en el pleito, por lo que concedió un término de 30 días a los Recurridos para que enmendaran sus alegaciones. En cuanto al reclamo de prescripción de la acción contra CODEPOLA, el TPI determinó que el Peticionario no elaboró con claridad sus alegaciones. No obstante, decidió acoger su petición como una solicitud de sentencia sumaria y denegó por no cumplir con los requisitos procesales que establece la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.

Inconforme con lo resuelto, CODEPOLA acudió ante nosotros mediante el recurso de epígrafe, en el que señaló los siguientes dos errores:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR NO HA LUGAR DE PLANO A NUESTRA SOLICITUD DE DESESTIMACIÓN DE RECONVENCIÓN RESPECTO A LA FALTA DE AGOTAMIENTO DE REMEDIOS ADMINISTRATIVOS.

---

[10] *Íd.*, págs. 62-74.
[11] *Íd.*, págs. 1-2.

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LOS SEÑORES ROBERTO RAMOS COLÓN Y ARIEL TORRES MELÉNDEZ SON PARTES INDISPENSABLES EN EL PLEITO SIN HABERSE PRESENTADO PRUEBA SOBRE EL PARTICULAR.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *IG Builders v. BBVAPR,* 185 DPR 307, 337 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). La discreción judicial se ha definido como la autoridad para elegir entre diversas opciones sin enajenarnos del derecho. Los tribunales deben ejercer su discreción de forma razonable al momento de pasar juicio sobre una controversia para así poder llegar a una condición justiciera. *IG Builders v. BBVAPR,* supra, pág. 338; *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *García v. Padró,* supra, págs. 334-335.

Por otro lado, la autoridad del Tribunal de Apelaciones para expedir un recurso de certiorari está limitada por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, que dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el

Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V.

Nuestro análisis conlleva una segunda revisión al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. La Regla 40 dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

En su recurso, CODEPOLA nos argumenta que su solicitud de desestimación cumplió con los fundamentos jurídicos bajo la doctrina de agotamiento de remedios administrativos. Entiende que el foro de instancia tiene los elementos suficientes para desestimar la *Reconvención* y detener los trámites ante el TPI, incluyendo el descubrimiento de prueba. A su vez, alega que procede la desestimación de la *Reconvención* por falta de parte indispensable. Sobre este particular, argumenta que la parte recurrida sometió la *Reconvención* contra CODEPOLA, entidad jurídica que, según alega,

no es parte del proyecto de polígono de tiro, ya que no figura como titular de la propiedad ni como proponente del proyecto en controversia.

Después de examinar con detenimiento las alegaciones de las partes y la totalidad del expediente en autos, no encontramos razón alguna para ejercer nuestra discreción en esta etapa de los procedimientos e intervenir con la determinación emitida por el foro *a quo*. Los argumentos esbozados por CODEPOLA en su recurso no se ajustan a los criterios que establece nuestra Regla 40, *supra*, y que limita nuestra discreción.

**IV.**

En mérito de lo anterior, denegamos expedir el auto de *certiorari* presentado.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones